<hr/>

## No. 5180.

SUCCESSION OF EDMUND HOGAN. On opposition of JEREMIAH HOGAN to account filed by PETER GALLAGHER, Executor.

The delinquent executor, who abandoned his trust and appropriated the funds confided to him, stands without equity before the court. He is in no position to complain of the penalties prescribed by law for not depositing the funds in bank.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. Gilmore & Sons*, for executor and appellant. *M. A. Dooley*, for opponent to account and appellee.

WYLY, J. In October, 1836, Edmund Hogan died in this city, leaving a last will by which he instituted Jeremiah Hogan, his son, his universal legatee, and named Peter Gallagher his testamentary executor. The will was duly proved, and on fifteenth December, 1836, letters testamentary issued to said Gallagher.

In 1840, Gallagher left the State permanently, going to Texas to reside, without rendering an account. On seventeenth February, 1869, Jeremiah Hogan was recognized as sole and only heir and universal legatee of Edmund Hogan, deceased, and ordered to be put in possession. In May following the universal legatee filed a petition, which was served on the executor personally (he being temporarily in the city), requiring him to file an inventory and render an account according to law.

In bar of the proceeding certain exceptions were pleaded, which were properly overruled for the reasons assigned by the judge.

The case is now before the court on an opposition to the account which the executor was required to render.

The court condemned the delinquent executor to pay over $742, the amount in his hands found to belong to the succession, and also gave judgment against him for twenty per cent. per annum damages on said amount from fifteenth September, 1840, for failing to deposit said money in bank, as required by law.

From this judgment the executor appeals.

The proof fully sustains the judgment. The delinquent executor, who abandoned his trust and appropriated the funds confided to him, stands without equity before the court. He is in no position to complain of the penalties prescribed by law for not depositing the funds in bank.

Judgment affirmed, appellant paying costs of appeal.

Rehearing refused.